# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 22-mj-79
Gerald Spruell )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A, incorporated herein.

located in the ____Eastern____ District of ____Pennsylvania____ , there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Knowingly possessed a firearm in and affecting foreign commerce having previously been convicted of a felony, and knowing that he had been convicted of such crime. |

The application is based on these facts:
See attached affidavit, incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/ James E. Krieger*
*Applicant's signature*

James E. Krieger, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/14/2022

*s/ Timothy R. Rice*
*Judge's signature*

City and state: Philadelphia, Pennsylvania    United States Magistrate Judge Timothy R. Rice
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your affiant, James E. Krieger, being duly sworn, deposes and states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I have been employed as a Special Agent with the Federal Bureau of Investigation ("FBI") since November 2007. I am assigned to the Philadelphia Safe Streets Violent Gang Task Force which investigates, among other violations of federal law, criminal organizations including those involved in the importation, distribution, and manufacturing of controlled substances, weapons violations, and any and all tangential violence associated with the drug trade. I have specialized training and experience in narcotics distribution investigations, including, but not limited to, the means and methods used by traffickers to purchase, transport, store, and distribute narcotics and to hide profits generated from those transactions. I also have training in weapons offenses and participated in arrests, search warrants, and investigations of individuals who carry firearms.

### II. PURPOSE OF THIS AFFIDAVIT

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the collection of buccal swabs for the purpose of submitting them for a comparative DNA analysis from Gerald SPRUELL (D.O.B. 08/29/1987; USM# 76813-066) who is currently in custody at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania on pending federal gun possession charges under Criminal

Number 18-449 before the Honorable Gerald J. Pappert.

       3.      Since this affidavit is being submitted for the limited purpose of securing a search warrant for saliva samples, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to obtain the buccal swabs from SPRUELL for the purpose of submitting them for a comparative DNA analysis conducted by the Philadelphia Police Department's Office of Forensic Science.

### III.    PROBABLE CAUSE FOR ISSUANCE OF A SEARCH WARRANT

      4.      On March 15, 2018, at 12:33 a.m. Officer Brian Egrie (Badge #3181) assigned to the PPD 3rd District, observed a black 2004 Pontiac Grand Prix bearing PA tag KRH-2933, stopped in the southbound running lane of 700 S. Christopher Columbus Boulevard. Officer Egrie observed that the vehicle's rear lights were flashing and believed the vehicle was disabled. Officer Egrie observed the vehicle attempt to move several times, but each time it would move forward it would stall and stop moving. Based on these observations and for his and motorists' safety, including the occupants of the vehicle, Officer Egrie activated his emergency lights and approached the vehicle, which was occupied by two males -- a driver and a front passenger.

      5.      Once he approached the vehicle Officer Egrie asked the driver to lower the window. Immediately Office Egrie smelled an odor of alcohol from inside the vehicle. Officer Egrie asked the driver, later identified as defendant Gerald Spruell, if Spruell could activate his hazard lights. He then also asked Spruell if he could exit the vehicle, because Officer Egrie was standing in the middle of Columbus Boulevard and did not want to get hit by another vehicle while speaking to Spruell at the driver's side window.

      6.      At this point the front passenger exited the vehicle and began to walk away south towards Christian Street. Officer Egrie informed the passenger that he could stay in the car, but the

male ignored Officer Egrie. Spruell told Officer Egrie that the male was his cousin and that "he wanted to walk." While speaking to Spruell about the mechanical issues with the car and whether he had called a tow company, Officer Egrie watched Spruell flip through several cards in his wallet. One of those cards was Spruell's driver's license with his full name. Spruell then suddenly locked the vehicle with a key fob and then ran southbound on Christopher Columbus Blvd and then westbound on Christian Street. Officer Egrie did not attempt to pursue Spruell but instead provided police radio a physical description of both males and secured the vehicle as a road hazard.

7. Officer Egrie went to his vehicle and ran a BMV check of the Grand Prix, which showed it was registered to Gerald Spruell. Officer Egrie then learned that Spruell's license was in suspended status. Officer Egrie then returned to the vehicle and looked inside using a flashlight and observed a firearm with an extended magazine in plain view on the rear passenger seat, later determined to be a Glock 19 9mm semiautomatic pistol. On the rear passenger floorboard in plain view was a black and silver firearm, later determined to be a semi-automatic Smith & Wesson pistol.

8. The abandoned vehicle was placed on PR# 3310020 and towed to 4298 Macalester Street for investigation. At approximately 9:00 p.m., Detective John Maha (Badge #631) applied for and executed SW #209337 on the Pontiac Grand Prix. As part of his probable cause, Detective Maha included the fact that Spruell did not have a license to carry a firearm and that he was a convicted felon who was statutorily prohibited from possessing a firearm. Recovered from inside the vehicle were the following items:

(1) A Glock 19 9mm Serial #AAKF600 loaded with 30 9mm rounds in an extended magazine, stolen status OCA/2014-03-067437 (PR# 3347982);

(2) A Smith & Wesson SD40VE, Serial #HFC9492 loaded with one .40 caliber round in

the chamber and ten rounds in the magazine, stolen status OCA/2014-03-069034 (PR# 3347981);

(3)     One black Nike bag from the front driver seat floor which contained a black ski mask and an "Uncle Mike" brand holster (PR# 3347983);

(4)     One loose round, box of Sig Sauer brand 9mm ammo which contained seven 9mm rounds, and a 50 round drum magazine containing 43 9mm rounds (PR# 33479892);

(5)     PA vehicle registration card bearing name and address of defendant Gerald Spurell; and

(6)     iPhone and one Touch cell phone (PR #3347984)

9.      Certified records from the Court of Common Pleas in Philadelphia County establishes, that on August 7, 2008 the defendant was convicted of Possession with the Intent to Deliver Cocaine, an ungraded felony, in Philadelphia County. The defendant was sentenced upon his conviction to felony drug charge and was sentenced to an indeterminate term of imprisonment which exceeded one year, specifically a minimum of one year and a maximum of two years state incarceration.  By the very length of his sentence the defendant knew that he was convicted of a crime punishable by more than one year of imprisonment. On September 30, 2010, pursuant to a written and signed guilty plea, the defendant plead guilty to Possession with the Intent to Deliver Marijuana and was sentenced to six to twenty-four months imprisonment. Both the imposition of that sentences and the certified records of his guilty pleas, signed by the defendant, which advised him of the negotiated sentence imposed, establishes the defendant's knowledge that he was convicted of a crime punishable by a term exceeding one year

10.     The ammunition, firearms, Nike bag, and holster were all swabbed for DNA in this

case. On December 10, 2018 Forensic Scientist Jamila Howard analyzed the DNA obtained from the firearms, magazines, and other items recovered from SPRUELL's vehicle and determined that there were DNA profiles from at least two individuals, both of whom were male. Your affiant is requesting authorization to swab SPRUELL in order to obtain a comparison sample.

11. Given the facts and circumstances described above, your affiant submits that there is sufficient probable cause to believe that the DNA of Gerald SPRUELL will be present on the various firearms, ammunition, magazines, and other items recovered from his vehicle. In support of this conclusion, your affiant believes that SPRUELL's DNA will be present on the firearms and magazines because (a) they were in his vehicle; (b) he was present in that vehicle the day the firearms and magazines were recovered; (c) SPRUELL fled the location; and (d) the DNA laboratory report revealed that at least two male's DNA profiles was present on the firearms and magazines.

## CONCLUSION

12. Your affiant, therefore, respectfully requests that the attached warrant be issued, authorizing your affiant to take buccal swabs, specifically, cotton swabbings from the inside of the mouth in the cheek area of SPRUELL for further testing and analysis by the forensic laboratory.

I swear under oath that the above is true and correct to the best of my knowledge and belief.

s/ James E. Krieger  
James E. Krieger  
Special Agent  
Federal Bureau of Investigation

Sworn and subscribed before me
this ___14___ day of January, 2022.


____s/ Timothy R. Rice_____
HON. TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

## **ATTACHMENT A**

Gerald SPRUELL (D.O.B. 08/29/1987; USM# 76813-066)

## **ATTACHMENT B**

Oral secretion (epithelial cells) by rubbing cotton swabs against the inner cheek lining of the person in Attachment A's mouth cavity, in sufficient quantity for scientific examination and comparison for DNA typing and DNA comparison.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Gerald Spruell | )<br>)<br>)  Case No.  22-mj-79<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   Pennsylvania  
*(identify the person or describe the property to be searched and give its location)*:

See attachment A, incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before   January 27, 2022   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   01/14/2022 5:22 pm        s/ Timothy R. Rice
                                                                                                        *Judge's signature*

City and state:   Philadelphia, Pennsylvania        United States Magistrate Judge Timothy R. Rice
                                                                                                        *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** |||
|---|---|---|
| Case No.:<br>22-mj-79 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                                                                         *Executing officer's signature*<br><br>                                                                                         *Printed name and title* |